UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARTAGNAN LITTLE,

        Plaintiff,                Case No. 2:06-cv-195

v.                                        Honorable R. Allan Edgar

UNKNOWN MCDONALD et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In addition, under the PLRA "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants McDonald, Albright, Armstrong, Rourk, Kallal,

and Horton for failure to exhaust available administrative remedies. The Court will order service on Defendants Luoma and Winkler.

## Discussion

I.     Factual allegations

Plaintiff is presently incarcerated at Baraga Maximum Correctional Facility (AMF). He complains of events that occurred at AMF and the Marquette Branch Prison (MBP). In his amended *pro se* complaint, he sues the following employees of the Michigan Department of Corrections (MDOC): dentists Unknown McDonald, Unknown Winkler, and Unknown Kallal; dental assistants Kris L. Luoma and Unknown Rourk; dental hygientist Unknown Albright; Regional Healthcare Administrator Jim Armstrong and Administrative Assistant Michelle Horton.

Plaintiff alleges that in 2003, his gums became swollen and abscessed, which caused them to bleed. The condition was extremely painful. Plaintiff had difficulty eating and sleeping, and lost weight. Defendants repeatedly refused to provide treatment or pain medication, and the condition eventually degenerated into severe periodontal gum disease. Plaintiff also had large, painful cavities which Defendants refused to repair. It is unclear whether either dental problem has been resolved. Plaintiff claims a violation of his Eighth Amendment rights. For relief, he requests compensatory and punitive damages.

II.    Merits

Courts considering a prisoner's Eighth Amendment claim must determine whether the defendant acted "with a sufficiently culpable state of mind," and if the wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294,

298 (1991). Accepting the allegations in the complaint as true, Plaintiff has stated a viable Eighth Amendment claim.

### III. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Plaintiff attached to his complaint copies of the five Step I grievances he filed, and the Steps II and III responses.[1]

The Michigan Department of Corrections provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (prisoners may grieve "alleged

---

[1] Plaintiff filed the following grievances regarding his dental care: AMF 04-1002-875-12A; AMF 05-0100-165-12A1; AMF 05-0501-443-12A; MBP 05-061545-12A3; and MBP 05-1002345-12A3.

violations of policy and procedure or unsatisfactory conditions of confinement") (effective 12/19/03). In order to properly exhaust the available administrative remedies, a prisoner must raise each of his claims for the first time at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). The grievances Plaintiff has attached to his complaint establish that he has identified at Step I the lack, or inadequacy, of the dental care provided to him, and the pain and other difficulties he experienced as a result.

A prisoner, however, must also "administratively exhaust his . . . claim as to each defendant associated with the claim." *Id.*; *accord Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir.2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [MDOC] grievance process." *Burton*, 321 F.3d at 574. Raising allegations against a particular defendant for the first time at Step II or III, including a violation of the grievance procedures, is insufficient to demonstrate exhaustion. *Id.* at 576 n.4. Plaintiff filed grievance number AMF 05-050-1443-12A on May 20, 2005, naming Kris Louma, and grievance number MBP 05-1002345-12A3 on October 4, 2005, naming Dr. Winkler, both of which he appealed to Step III. Pl.'s Compl. Attach. #1. Thus, Plaintiff has exhausted his administrative remedies with respect to Defendants Louma and Winkler. However, he failed to demonstrate that he has exhausted his available administrative remedies with regard to Defendants McDonald, Kalla, Rourk, Albright, Armstrong, and Horton. Where a prisoner's

complaint contains both exhausted and unexhausted claims, the unexhausted claims should be dismissed without prejudice while the exhausted claims are allowed to proceed. *Bell v. Konteh* 450 F.3d 651, 654 -55 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss the Plaintiff's complaint without prejudice against Defendants McDonald, Kalla, Rourk, Albright, Armstrong, and Horton for failure to exhaust his administrative remedies as to those six Defendants pursuant to 42 U.S.C. § 1997e(a). The Court will order service of Plaintiff's complaint on Defendants Kris L. Luoma and (Unknown) Winkler.

An Order consistent with this Opinion will be entered.

Dated:  9/19/06   */s/ R. Allan Edgar*
R. Allan Edgar
United States District Judge