UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARTAGNAN LITTLE,

    Plaintiff,

v.                                           Case No. 2:06-cv-195
                                             HON. R. ALLAN EDGAR

UNKNOWN MCDONALD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this prisoner 42 U.S.C. § 1983 action against the following employees of the Michigan Department of Corrections (MDOC): dentists Unknown McDonald, Unknown Winkler, and Unknown Kallal; dental assistants Kris L. Luoma and Unknown Rourk; dental hygienist Unknown Albright; Regional Healthcare Administrator Jim Armstrong and Administrative Assistant Michelle Horton. All defendants except Defendant Luoma and Defendant Winkler were dismissed at screening for failure to exhaust administrative remedies.[1] Defendant Winkler has not been served.

Plaintiff alleges that in 2003 his gums became swollen and abscessed, which caused them to bleed. The condition was extremely painful. Plaintiff had difficulty eating and sleeping, and lost weight. Defendants allegedly refused to provide treatment or pain medication, and the condition eventually degenerated into severe periodontal gum disease. Plaintiff also had large, painful cavities which Defendants refused to repair. It is unclear whether either dental problem has been resolved.

---

[1] A separate order has been issued in this case reinstating these claims pursuant to *Jones v. Bock*, 126 S.Ct. 1462 (2006).

Specifically with regard to Defendant Luoma, Plaintiff alleges that on July 20, 2004, after he filed a grievance against other dental staff for unprofessional conduct, Defendant Luoma told plaintiff: "You can't be filing grievances and giving the nursing staff a hard time and expect treatment from us." After former defendant McDonald took x-rays of Plaintiffs teeth, Plaintiff alleges that Defendant Luoma told him to "go back to your cell and fill out a kite for cleaning. You have a lot of cavities." Plaintiff argues that this instruction was improper because Plaintiff had severe pain and bleeding and emergency dental procedures were warranted. Plaintiff alleges that on December 2, 2004, he was called out for a dental appointment. He alleges that instead of draining an abscess and filling cavities, former defendant McDonald merely took another x-ray and did not prescribe any pain medication. Plaintiff became agitated and explained to Dr. McDonald that he was in severe pain. Defendant Luoma yelled that if Plaintiff didn't like it, he could leave. On February 16, 2005, Plaintiff kited about a broken filling, and was seen and had the filling repaired the following day. On February 28, 2005, Plaintiff kited about a broken filling. Defendant Luoma referred him to R.N. Richards because Dr. McDonald would not be available until March 3. R.N. Richards did not see Plaintiff as requested, and Plaintiff was treated by Dr. McDonald on March 3, 2005. Plaintiff kited on May 20, 2005, complaining of pain and bleeding gums. Defendant Luoma explained that a dentist would be available on May 25, and referred Plaintiff to R.N. Richards. Plaintiff refused to be seen by R.N. Richards, explaining that he wished to be seen by a dentist immediately. Plaintiff claims a violation of his Eighth Amendment rights. For relief, he requests compensatory and punitive damages.

Presently before the Court is Defendant Luoma's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the

Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Luoma submits that she cannot be liable under §1983 because she was not personally involved in Plaintiff's dental treatment. Defendant Luoma is a dental assistant. She cannot diagnose or treat patients. Her primary responsibility is scheduling patients to be seen by a

dentist. Defendant argues that since she cannot make medical decisions, she could not have been personally involved in any Eighth Amendment violation that Plaintiff may have suffered. Plaintiff argues that she deliberately blocked his access to dental care by refusing to schedule appointments for specific procedures such as filling of cavities or treating of his abscess. Plaintiff argues that "[n]o dental treatment will be administered without her setting up or scheduling an appointment," and that instead of allowing the dentist to treat him she repeatedly scheduled duplicative examinations. Plaintiff claims that her failure to act in her capacity to schedule appointments was sufficient personal involvement to support an Eighth Amendment claim against her.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). A claim under the Eighth Amendment comprises an objective and subjective component: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). The deliberate indifference standard applies to all claims challenging conditions of confinement, which include claims of inadequate medical care. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). For a medical claim, the Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. Estelle, 429 U.S. at 104-05; *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Where, as here, "a prisoner has received some medical attention and the dispute is over

the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); see also, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. April 27, 2001; *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. April 4, 1997). A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Defendant Luoma does not make medical decisions. Plaintiff is correct in noting that she is responsible for scheduling appointments, but he has not alleged, nor does the evidence indicate, that he suffered a complete denial of access to dental care. His claim lies in the alleged inadequacy of the treatment he received and the procedures which were or were not performed on him. If a dentist had determined that any particular procedures were warranted, the dentist would have instructed Defendant Luoma to schedule Plaintiff for an appointment so that his needs could be met. Defendant Luoma cannot make this decision on her own; to do so would exceed the scope of her authority. This is not a case where Defendant Luoma was instructed by a dentist to schedule an appointment to have cavities filled or abscesses treated and instead maliciously mis-scheduled Plaintiff for the wrong type of procedure in an attempt to mislead the dentist. Rather, Plaintiff claims

that Defendant Luoma failed to instruct Dr. McDonald to perform the procedures that Plaintiff deemed medically necessary. He is in essence arguing that his entire course of treatment has been deficient, including medical decisions made by former Defendant McDonald. The responsibility for adequacy of treatment lies with the treating physician, not with administrative staff. Plaintiff alleges that former defendant McDonald "has given her the authority to dictate what procedures will be done," and that "the dentist will do nothing more than she has scheduled." Defendant Luoma's affidavit indicates that she does not make decisions as to what procedures to perform, and only performs scheduling functions. Plaintiff's contention on this point is entirely without supporting evidence. Moreover, Plaintiff alleges that he has suffered injury caused by a delay in dental treatment. He has presented no evidence indicating that the alleged delay was causally connected to the worsening of his condition. *See Napier v. Madison County*, No. 99-6067, 238 F.3d 739 (6th Cir. Jan. 4, 2001) (holding that an inmate who complains that a delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment). Plaintiff has failed to meet his burden to establish the existence of a question of material fact for trial with respect to Defendant Luoma's personal involvement in his medical care. Therefore, in the opinion of the undersigned, Defendant Luoma is entitled to summary judgment on Plaintiff's Eighth Amendment claims.

Defendant Luoma also asserts that she is entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used

to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

Because Plaintiff has not met his burden with respect to his Eighth Amendment claim against Defendant Luoma, he has not shown that she violated any clearly established constitutional right. Plaintiff has also failed to identify any statutory right that Defendant Luoma has violated. Plaintiff has not shown that Defendant Luoma denied him access to all dental care; the record indicates that he was seen by dental professionals on twelve occasions between July of 2004 and October of 2006. Defendant Luoma is entitled to qualified immunity on Plaintiff's Eighth Amendment claim.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's Motion for Summary Judgment. Accordingly, it is recommended that Defendant's Motion for Dismissal and/or Summary Judgment (Docket #24) be granted and Defendant Luoma be dismissed from this case.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendant's motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 2, 2007