UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARTAGNAN LITTLE #197553,

       Plaintiff,

v.

                                            Case No. 2:06-cv-195
                                            HON. R. ALLAN EDGAR

UNKNOWN MCDONALD, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this prisoner 42 U.S.C. § 1983 action against the following employees of the Michigan Department of Corrections (MDOC): dentists Unknown McDonald, Unknown Winkler, and Unknown Kallal; dental assistants Kris L. Luoma and Unknown Rourk; dental hygienist Unknown Albright; Regional Healthcare Administrator Jim Armstrong and Administrative Assistant Michelle Horton.  Defendants Winkler and Kallal have not been served.

Plaintiff alleges that in 2003 his gums became swollen and abscessed, which caused them to bleed. The condition was extremely painful.  Plaintiff had difficulty eating and sleeping, and lost weight.  Defendants allegedly refused to provide treatment or pain medication, and the condition eventually degenerated into severe periodontal gum disease.  Plaintiff also had large, painful cavities which Defendants refused to repair.  It is unclear whether either dental problem has been resolved. Specifically with regard to Defendant Luoma, Plaintiff alleges that on July 20, 2004, after he filed a grievance against other dental staff for unprofessional conduct, Defendant Luoma told plaintiff: "You can't be filing grievances and giving the nursing staff a hard time and expect treatment from us." After former defendant McDonald took x-rays of Plaintiff's teeth, Plaintiff alleges that

Defendant Luoma told him to "go back to your cell and fill out a kite for cleaning.  You have a lot of cavities." Plaintiff argues that this instruction was improper because Plaintiff had severe pain and bleeding and emergency dental procedures were warranted.  Plaintiff alleges that on December 2, 2004, he was called out for a dental appointment.  He alleges that instead of draining an abscess and filling cavities, former defendant McDonald merely took another x-ray and did not prescribe any pain medication.  Plaintiff became agitated and explained to Dr. McDonald that he was in severe pain.  Defendant Luoma yelled that if Plaintiff didn't like it, he could leave.  On February 16, 2005, Plaintiff kited about a broken filling, and was seen and had the filling repaired the following day.  On February 28, 2005, Plaintiff kited about a broken filling.  Defendant Luoma referred him to R.N. Richards because Dr. McDonald would not be available until March 3.  R.N. Richards did not see Plaintiff as requested, and Plaintiff was treated by Dr. McDonald on March 3, 2005.  Plaintiff kited on May 20, 2005, complaining of pain and bleeding gums.  Defendant Luoma explained that a dentist would be available on May 25, and referred Plaintiff to R.N. Richards.  Plaintiff refused to be seen by R.N. Richards, explaining that he wished to be seen by a dentist immediately.  Plaintiff claims a violation of his Eighth Amendment rights.  For relief, he requests compensatory and punitive damages.

Defendant Luoma was dismissed from this action on September 17, 2007, for lack of personal involvement (docket #56).  Presently before the Court are Motions for Summary Judgment filed by Defendants Horton, Albright, Armstrong, Rourk and McDonald, pursuant to Fed. R. Civ. P. 56 (docket #68 and #75).  Plaintiff has filed responses (docket #78 and #81) and the matter is ready for decision.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th

Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment

is appropriate is "whether the evidence presents a sufficient disagreement to require submission to

a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire*

*& Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile*

*Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions,

affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing

the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);

*Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense

for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21

(2007).  A moving party without the burden of proof needs only show that the opponent cannot

sustain his burden at trial.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir.

2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  A moving party with the

burden of proof  faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir.

2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the

moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative

defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could

find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)

(quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues*

*of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth

Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).   Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants Horton, Albright, Armstrong, Rourk, and McDonald claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ R, X.  The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due.  *Id.* at ¶¶ R, DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ FF.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ HH.  The Prisoner Affairs Section is the respondent for Step III grievances

---

[1]The MDOC amended Policy Directive 03.02.130 on July 9, 2007.  However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

on behalf of the MDOC director. *Id.* at ¶ II.  Time limitations shall be adhered to by the inmate and

staff at all steps of the grievance process.   *Id.* at ¶ U.   "The total grievance process from the point

of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar

days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff

brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S.  In such

instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I.

*Id.*

In their motions for summary judgment, Defendants Horton, Albright, Armstrong,

Rourk, and McDonald state that Plaintiff filed five grievances during the relevant time period which

contain the code "12e" regarding dental care and attach copies of these grievances.  The grievances

are AMF 2004-10-2875-12a, which concerns dental care, but does not name anyone, AMF 2004-08-

2017-12e4 and AMF 2004-08-2125-12e3, which concern feet, and AMF 2005-05-1443-12a, which

concerns dental care and names Luoma.  (*See* Defendants' Exhibits D-G to Docket #69, and Exhibit

2 to Docket #25.)  None of these grievances name Defendants Albright, Horton, Armstrong, Rourk

or McDonald.

In his response to the motions for summary judgment, Plaintiff merely asserts that the

issue of exhaustion has been previously ruled on the by the court and that Defendants should not be

allowed to raise this issue in the context of a motion for summary judgment.  However, as noted in

the August 2, 2007, order regarding partial service, "if a Defendant contends that the Plaintiff has

failed to exhaust his administrative remedies as to one or more claims contained in the complaint,

the alleged failure must be raised in a motion for summary judgment filed within thirty days after

service of the complaint.  *See* 42 U.S.C. § 1997e(g)(2)."  Therefore, Defendants were specifically

instructed to raise this issue in a motion for summary judgment.  As noted above, prison policy

specifically requires that dates, times, places and names of all those involved in the issue being

grieved are to be included in a step I grievance.  Plaintiff failed to comply with this requirement.

Accordingly, the undersigned recommends that Defendants Albright, Horton, Armstrong, Rourk, and

MacDonald be granted summary judgment for failure to exhaust administrative remedies.

Defendants Horton, Armstrong, and Rourk also claim that they are entitled to

summary judgment for lack of personal involvement.  Defendants Horton, Armstrong, and Rourk's

involvement consisted of the mere denial of Plaintiff's grievances.  Liability under Section 1983

must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S.

312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.

*Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983

absent a showing that the party personally participated in, or otherwise authorized, approved or

knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co.*

*Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*,

668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729

F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if

plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and

that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891

F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a

supervisor to supervise, control or train the offending employee is not actionable absent a showing

that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some

other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246.  Such a claim

requires, at a minimum, that the official had knowledge of the offending employee's conduct at a

time when the conduct could be prevented, or that such conduct was otherwise foreseeable or

predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must

show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959

(6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept.*

*of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient

grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932

F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory

official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D.

Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims

cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp.

335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

      As noted by Defendants, Plaintiff has not alleged facts establishing that Horton,

Armstrong, and Rourk were personally involved in the activity which forms the basis of his claim.

Defendants Horton, Armstrong, and Rourk only roles in this action involve the denial of

administrative grievances or the failure to act.  Horton, Armstrong, and Rourk cannot be liable for

such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530

U.S. 1264, 120 S. Ct. 2724 (2000).

      In the opinion of the undersigned, Defendants Horton, Albright, Armstrong, Rourk

and McDonald are properly dismissed without prejudice for failure to exhaust administrative

remedies.  In the alternative, Defendants Horton, Armstrong, and Rourk may be dismissed with

prejudice for lack of personal involvement.  In addition, Defendants Unknown Winkler and

Unknown Kallal have not been served with summons and complaint and are subject to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly, it is recommended that the motions for summary judgment filed by Defendants Horton, Albright, Armstrong, Rourk and McDonald (docket #68 and #75) be granted, that Defendants Winkler and Kallal be dismissed for failure to effect service, and this case be dismissed in its entirety.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 27, 2008