UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARTAGNAN LITTLE #197553,

    Plaintiff,

v.                                                  Case No. 2:06-cv-195
                                                HON. R. ALLAN EDGAR

UNKNOWN MCDONALD, et al.,

    Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on August 27, 2008, which recommended granting the motions for summary judgment filed by Defendants Horton, Albright, Armstrong, Rourk, and McDonald (docket #68 and #75). The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

        In his objections, Plaintiff claims that the Magistrate Judge erred in finding that he failed to exhaust administrative remedies. Plaintiff states that he did in fact exhaust his available administrative remedies in accordance with *Jones v. Bock*, 126 S.Ct. 1462 (2006). However, as noted in the report and recommendation, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 127 S. Ct. at 922-23; *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures,

therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23. Defendants met their burden in showing that there is no genuine issue of material fact that Plaintiff did not comply with the prison grievance procedure. Therefore, Plaintiff's objection is without merit.

Plaintiff also claims that the Magistrate Judge erred in finding that Defendants Horton, Armstrong, and Rourk were not personally involved in the underlying misconduct. As noted by the Magistrate Judge, Defendants Horton, Armstrong, and Rourk's involvement consisted of the mere denial of Plaintiff's grievances. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Defendants Horton, Armstrong, and Rourk only role in this action involves the denial of administrative grievances or the failure to act. Therefore, for the reasons set forth in the report and recommendation, Horton, Armstrong, and Rourk cannot be liable under § 1983.

Finally, Plaintiff claims that he should be allowed additional time to serve Defendants Kallal and Winkler. However, as noted in the August 27, 2008, order denying Plaintiff's motion to compel, Plaintiff made no attempt to ascertain the whereabouts of Defendant Winkler for a period of nearly two years after summons and complaint were returned unexecuted on October 18, 2006. Nor does it appear that Plaintiff made any effort to serve Defendant Kallal after summons and complaint were returned unexecuted on September 14, 2007. Because the summons have expired and Plaintiff has failed to show good cause for his lack of diligence in seeking such service, Defendants Winkler and Kallal are properly dismissed. Fed. R. Civ. P. 4(m).

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #96) is approved and adopted as the opinion of the court and plaintiff's action will be dismissed in its entirety.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:  9/26/08                    */s/ R. Allan Edgar*
                                   R. ALLAN EDGAR
                                   UNITED STATES DISTRICT JUDGE